UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR WEST,

    Plaintiff,

v.

STEPHEN L. JOHNSON, U.S. EPA ADMINISTRATOR, U.S. SECRETARY OF COMMERCE, WASHINGTON STATE DEPARTMENT OF ECOLOGY, ENVIRONMENTAL HEARINGS OFFICE, STATE OF WASHINGTON, PORT OF OLYMPIA, CITY OF OLYMPIA, WEYERHAEUSER, LOTT, FEDERAL RAILROAD ADMINISTRATION, WASHINGTON STATE DEPARTMENT OF TRANSPORTATION,

    Defendants

CASE NO. C08-5741RJB

ORDER GRANTING WASHINGTON STATE DEPARTMENT OF TRANSPORTATION'S FRCP 12 (b)(6) MOTION TO DISMISS, AND DEFENDANT ENVIRONMENTAL HEARINGS OFFICE'S FRCP 12 (b)(6) MOTION TO DISMISS

This matter comes before the Court on Defendant Washington Department of Transportation's ("WSDOT") FRCP 12 (b)(6) Motion to Dismiss (Dkt. 23) and Defendant Environmental Hearings Office's FRCP 12 (b)(6) Motion to Dismiss (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   FACTS**

On December 12, 2008, Plaintiff, *pro se,* filed this suit asserting claims under several

ORDER
Page 1

federal and state statutes. Dkt. 1. Plaintiff broadly asserts that some or all the Defendants have violated the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, the Coastal Zone Management Act ("CZMA"), 16 U.S.C. § 1451 *et seq.*, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq. Id.* Plaintiff also alleges that the City of Olympia, the Port of Olympia, and WSDOT have withheld public records regarding the Intermodal Infrastructure Enhancement Project and East Bay Redevelopment area, citing Washington's Public Records Act, RCW 42.56 *et seq. Id.*

Additionally, as is relevant for WSDOT's pending motion, Plaintiff's Complaint alleges that:

> By expending federal funds for the Port of Olympia Intermodal Infrastructure Enhancement Project and related development without an [Environmental Impact Statement] or other adequate assessment of regional and cumulative impacts, including those related to water quality, the CZMA, and CWA compliance, the Port [of Olympia], WSDOT and the [Federal Railroad Administration] violated NEPA, [for which Plaintiff is entitled to relief.]

Dkt. 1, at 11. Plaintiff seeks an:

> [I]mmediate injunction . . . prohibiting further violations of the CWA . . . and suspending construction of the East Bay Redevelopment, the Cargo Yard until the CWA compliance can be assured further, that the Intermodal Infrastructure Enhancement Project be enjoined until all public records have been disclosed and a proper [Environmental Impact Statement] conducted under NEPA for it and all related and interconnected projects.

Dkt. 1, at 11-12.

In regard to the Environmental Hearings Office, Plaintiff asserts that "the State of Washington, the WSDOE, and the Environmental Hearings Office have failed to properly implement the CZMA as required by the states [sic] voluntary agreement, and a cause of action for declaratory relief exists to declare that such implementation is necessary." Dkt. 1, at 4. Plaintiff further alleges that "the State Environmental Hearings Office is unlawfully dominated by private entities and refuses to perform its duties to apply and enforce the [CWA] or the [CZMA]." Dkt. 1, at 6. Plaintiff seeks a "declaratory ruling that the State of Washington, the [Washington State Department of Ecology], and the Environmental Hearings Office be required to either implement and enforce the CZMA or return the CZMA grant funds to the federal

ORDER
Page 2

government." Dkt. 1, at 12.

### B. BACKGROUND INFORMATION ON THE ENVIRONMENTAL HEARINGS OFFICE

The Environmental Hearings Office is a quasi-judicial state agency under RCW 43.21B.005 consisting of five administrative tribunals which are forums for certain adjudicative proceedings. Two of those administrative tribunals are the Shoreline Hearings Board and Pollution Control Hearings Board, which hear appeals from the Washington Department of Ecology's determinations regarding the CWA and CZMA. *See* RCW 43.21B and RCW 90.58.

### C. PENDING MOTIONS

WSDOT now moves for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that: 1) it is entitled to Eleventh Amendment immunity for the federal claims asserted against it, 2) there is no material difference in Plaintiff's NEPA challenge to WSDOT's alleged decision to approve and construct the Port of Olympia's Intermodal Infrastructure Enhancement Project that was dismissed by Judge Leighton in case number C06-5516RBL on Eleventh Amendment immunity grounds and Plaintiff's claim in this suit that WSDOT's alleged expenditure of federal funds for the project violated NEPA, and 3) the Eleventh Amendment bars Plaintiff's state law claim. Dkts. 23, and 42.

Washington's Environmental Hearings Office now moves for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that: 1) the Eleventh Amendment bars Plaintiff's claims against it, and 2) to the extent Plaintiff is complaining against a particular decision of one of the Environmental Hearings Office's tribunals, his claim would be an impermissible collateral attack on a decision, it is barred by the doctrine of quasi judicial immunity, and his proper remedy would be to appeal the decision following Washington's Administrative Procedures Act. Dkts. 26 and 41.

Plaintiff files a Response to the motions, arguing: 1) Washington's participation in the "State Permit Program of the [CWA] and the State of Washington's voluntary submission to the federal CZMA program . . . present state and federal issues that require careful analysis to determine whether the state has waived its 11th Amendment immunity," and 2) it is "not equitable

ORDER
Page 3

to require Plaintiff to maintain a separate state action when NEPA . . . operates upon the same 'nucleus of facts' as a claim under the state Public Records Act for state information regarding a federally financed project." Dkt. 47.

## II. DISCUSSION

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - STANDARD

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-1969 (May 21, 2007) (*internal citations omitted*). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

### B. ELEVENTH AMENDMENT IMMUNITY

"As the Supreme Court has applied the Eleventh Amendment, an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007) (*internal

*quotations omitted*). State immunity extends to state agencies. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc*., 506 U.S. 139, 142-46 (1993).

A state may waive its Eleventh Amendment immunity. *Pittman*, at 1071. "A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999) (*internal citations omitted*). Congress may also abrogate a state's Eleventh Amendment immunity. *Id.* Congressional intent to abrogate immunity "must be unmistakably clear in the language of the statute, so the courts may be certain of Congress' intent and so the state has fair warning if it wishes to oppose that legislation." *Id.*

### 1. NEPA CLAIMS AGAINST WSDOT

The Eleventh Amendment bars an action alleging a violation of NEPA brought directly against a state or one of its agencies. *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, (9th Cir. 1992). There is no evidence that either of these two state agencies waived sovereign immunity here. To the extent that Plaintiff makes NEPA claims against WSDOT or the Environmental Hearings Office those claims should be dismissed as both state agencies are immune from such a suit.

### 2. CWA CLAIMS

Plaintiff argues that by participating in the regulatory scheme under the CWA, the state agencies have waived their Eleventh Amendment immunity. Dkt. 47. "When Congress enacted the Clean Water Act citizen suit provision, it specified that it was legislating to the extent permitted by the Eleventh Amendment." *Natural Resources Defense Council v. California Dept. of Transp.*, 96 F.3d 420, 423 (9th Cir. 1996). The citizen suit provision states in part:

> Any citizen may commence a civil action on his own behalf-(1) against any person (including (I) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution ) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation.

33 U.S.C. § 1365(a) (emphasis added). The Ninth Circuit has held that state agencies are entitled to Eleventh Amendment immunity from suits brought under the CWA. *Natural Resources*

*Defense Council v. California Dept. of Transp.*, 96 F.3d 420, 423 (9th Cir. 1996).

Plaintiff cites a Second Circuit case, *Islander East Pipeline Co. v. State of Connecticut*, 482 F.3d 79 (2nd Cir. 2006), for the proposition that the state has waived its immunity for claims under the CWA. *Id*. The *Islander East* Court found that Congress wholly preempted and completely federalized the area of natural gas regulation by enacting the Natural Gas Act. *Id.* The *Islander East* Court noted that Congress provided for federal court review of state decisions made under that statute. *Id.* The Court noted that none of the parties there suggested that "states are required to relinquish their sovereign immunity with regard to all actions they take pursuant to the CWA." *Id.,* at 90. The Second Circuit in *Islander East* found that by participating in both the Natural Gas Act and Clean Water Act regulatory scheme, the state of Connecticut waived sovereign immunity. *Id.*

The Second Circuit holding in *Islander East* is not helpful or binding here. There is no allegation that the Natural Gas Act is implicated. Plaintiff makes no showing that the Ninth Circuit's holding in *Natural Resources Defense Council v. California Dept. of Transp.*, 96 F.3d 420, 423 (9th Cir. 1996) is in some manner inapplicable. As a district court in the Ninth Circuit, this Court is bound to apply Ninth Circuit case law. Accordingly, WSDOT and the Environmental Hearings Office are immune from suit on the CWA claims.

### 3. OTHER FEDERAL STATUTORY CLAIMS

Plaintiff does not dispute that these two state agencies are entitled to Eleventh Amendment immunity on any other federal claim. To the extent that Plaintiff makes other federal claims against these Defendants, they should be dismissed.

### 4. STATE LAW CLAIMS

Plaintiff makes a state law claim against WSDOT under Washington's Public Records Act, RCW 42.56 *et seq*. Dkt. 1. Plaintiff argues that this Court should exercise supplemental jurisdiction to decide this claim. Dkt. 47. However, the supplemental jurisdiction statute does not authorize federal district courts to exercise jurisdiction over state law claims against non-consenting states. *Raygor v. Regents of Univ. Of Minn.*, 534 U.S. 533, 541 (2002).

Plaintiff makes no showing that WSDOT has consented to a suit in federal court for a claim under Washington's Public Records Act. Plaintiff's state law claim against WSDOT should be dismissed.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant Washington Department of Transportation's FRCP 12 (b)(6) Motion to Dismiss (Dkt. 23) is **GRANTED**, and Plaintiff's claims against it are **DISMISSED**;
- Defendant Environmental Hearings Office's FRCP 12 (b)(6) Motion to Dismiss (Dkt. 26) is **GRANTED**, and Plaintiff's claims against it are **DISMISSED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of June, 2009.

_____
ROBERT J. BRYAN
United States District Judge