UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR WEST,

    Plaintiff,

v.

STEPHEN L. JOHNSON, U.S. EPA ADMINISTRATOR, U.S. SECRETARY OF COMMERCE, WASHINGTON STATE DEPARTMENT OF ECOLOGY, STATE OF WASHINGTON, PORT OF OLYMPIA, CITY OF OLYMPIA, WEYERHAEUSER, LOTT, FEDERAL RAILROAD ADMINISTRATION,

    Defendants.

CASE NO. C08-5741RJB

ORDER DENYING PLAINTIFF'S MOTION FOR HEARING ON SHORTENED NOTICE, MOTION FOR RECONSIDERATION, TO COMPEL DISCOVERY and FOR AN EXTENSION OF TIME TO REPLY TO DEFENDANTS' VARIOUS MOTIONS

This matter comes before the Court on Plaintiff's Motion for Hearing on Shortened Notice (Dkts. 71 and 72), Plaintiff's Motion for Reconsideration, to Compel Discovery and for an Extension of Time to Reply to Defendants' Various Motions (Dkt. 75). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

**A.   FACTS**

On December 12, 2008, Plaintiff, *pro se,* filed this suit asserting claims under several federal and state statutes. Dkt. 1. Plaintiff broadly asserts that some or all the Defendants have violated the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, the Coastal Zone Management

ORDER
Page 1

Act ("CZMA"), 16 U.S.C. § 1451 *et seq.*, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq. Id.* Plaintiff also alleges that the City of Olympia, the Port of Olympia, and Washington State Department of Transportation have withheld public records regarding the Intermodal Infrastructure Enhancement Project and East Bay Redevelopment area, citing Washington's Public Records Act, RCW 42.56 *et seq. Id.*

Plaintiff's claims against the Washington State Department of Transportation and the Washington Environmental Hearings Office were dismissed on June 2, 2009. Dkt. 51.

On June 9, 2009, Plaintiff filed a Preliminary Injunction which would impose "a six month moratorium upon the State of Washington to prevent the issue [sic] of further NPDES permits to the Port of Olympia until the Port has demonstrated at least a six month period of full compliance with the Clean Water Act in regard to its existing permits, or at the very least, compliance with its own agreement with OPA[sic]." Dkt. 60, at 8.

On June 18, 2009, this Court granted the various Defendants' Motion to Stay Discovery Pending Ruling on the Motions to Dismiss. Dkt. 70. A short stay of discovery is appropriate until a decision can be made on the various Defendants' motions to dismiss, brought pursuant to Fed. R. Civ. P. 12 (b). *Id.* Discovery was stayed until July 24, 2009. *Id.*

Plaintiff now files various motions including: 1) a Motion for Hearing on Shortened Notice, in which he moves to renote his Motion for Preliminary Injunction to June 25, 2009 (Dkts. 71 and 72), 2) Motion for Reconsideration and to Compel Discovery, in which he seeks to have the Court reconsider the stay on discovery and compel the Defendants to answer the discovery he has propounded (Dkt. 75), and 3) a Motion for Extension of Time to Respond to the Various Defendants' Motions to Dismiss (Dkt. 75). Plaintiff noted his Motion for Reconsideration, Motion to Compel and Motion for Extension of Time for July 3, 2009. Dkt. 75. Western District of Washington Local Fed. R. Civ. P. 7(d)(1) provides that motions for reconsideration shall be noted for consideration the day that they are filed. Accordingly, Plaintiff's Motion for Reconsideration of the Order Staying Discovery until July 24, 2009, and related Motion to Compel Discovery is ripe and should be considered here. Plaintiff's Motion for

Extension of Time should be renoted to July 7, 2009, as discussed in Section II. C.

This Opinion will first address Plaintiff's Motion for Hearing on Shortened Notice (Dkts. 71 and 72), then the Motion for Reconsideration and to Compel Discovery (Dkt. 75), and lastly the Motion for Extension of Time to Respond to the Various Defendants' Motions to Dismiss (Dkt. 75).

## II. DISCUSSION

### A. MOTION FOR HEARING ON SHORTENED NOTICE AND TO RENOTE MOTION FOR PRELIMINARY INJUNCTION

Western District of Washington Local Fed. R. Civ. P. 7(d)(3) provides that, "motions seeking a preliminary injunction shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion." Under Fed. R. Civ. P. 6 (a) (1)(C) if the last day of a period of time set by court rule "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Plaintiff's Motion for Preliminary Injunction was filed on June 9, 2009. Dkt. 60. The fourth Friday after filing is July 3, 2009, a federal holiday, and so, the motion is properly noted for July 6, 2009.

On June 18, 2009, Plaintiff filed his Motion for Hearing on Shortened Notice, seeking to renote his Motion for Preliminary Injunction for over a week earlier than it was originally noted. Dkts. 71 and 72. (Plaintiff's Motion for Hearing on Shortened Notice was filed twice.) *Id.* Plaintiff argues that his Motion for Preliminary Injunction should be heard earlier because "new information indicates that further unpermitted [sic] discharges may occur, or the Port and the Eepartment [sic] of Ecology may find some other way to evade compliance with water quality standards." Dkt. 71, at 2. Plaintiff then attaches what purports to be a newspaper article. *Id.*

Plaintiff fails to show that his Motion for Preliminary Injunction should be renoted. Plaintiff filed this case in December of 2008, and does not provide any good reason that his Motion for Preliminary Injunction should now be heard any earlier. In the interest of due process, all parties, if they so wish, should be given an opportunity to respond. The Motion for Hearing on Shortened Notice (Dkts. 71 and 72) should be denied.

## B. MOTION FOR RECONSIDERATION AND MOTION TO COMPEL

Western District of Washington Local R. Civ. P. 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff moves the Court to reconsider its order granting the temporary stay of discovery until Defendants' motions to dismiss could be decided. Dkt. 75. Plaintiff seeks an order compelling the Defendants to respond to his discovery requests immediately. *Id.* The Federal Defendants' Motions to Dismiss (Dkt. 68) and Defendants Washington State Department of Ecology and State of Washington's Motion to Dismiss (Dkt. 69) are brought pursuant to Fed. R. Civ. P. 12 (b). These motions raise several issues, including Article III standing and various types of immunity defenses. Dkts. 68 and 69. They are noted for consideration for July 10, 2009. *Id.* The Defendant City of Olympia's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 54), joined by Defendant Lott, and Defendant Port of Olympia's Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12 (b)(1) (Dkt. 78), both argue that this Court does not have subject matter jurisdiction because Plaintiff failed to adequately comply with the notice of intent to sue provisions in the Clean Water Act. Dkts. 54 and 78. The Defendant City of Olympia's Motion to Dismiss is noted for consideration for July 3, 2009. Dkt. 54. Defendant Port of Olympia's Motion to Dismiss is noted for July 27, 2009. Dkt. 78.

Plaintiff's Motion for Reconsideration should be denied. Upon cursory review, all these motions appear to be based upon issues of law and do not require a factual showing from Plaintiff. Plaintiff states in his Motion for Reconsideration that "rather than comply with discovery and initial disclosures in good faith, defendants have attempted to pull the wool over plaintiff and this court's eyes by moving for summary judgment in the absence of disclosure of the very records containing the material facts necessary to oppose their motions." Dkt. 75, at 2. Plaintiff makes no showing of a "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Plaintiff's motion for reconsideration of the Order staying discovery until July 24, 2009, and motion to

compel immediate answers to his discovery requests (Dkt. 75) should be denied.

### C. MOTION FOR EXTENSION OF TIME TO RESPOND

Plaintiff also moves the Court for an extension of time of 30 days to respond to Defendants' motions to dismiss. Dkt. 75. Western District of Washington Local Fed. R. Civ. P. 7 (d)(2)(A) requires that motions for relief from a deadline be noted no earlier than seven judicial days after filing. Accordingly, Plaintiff's Motion for Extension of Time was filed on June 25, 2009, and should be renoted to July 7, 2009. The Defendant City of Olympia's Motion to Dismiss, (Dkt. 54), joined by Defendant Lott (Dkt. 56), noted for consideration for July 3, 2009, should be renoted to July 10, 2009.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiff's Motion for Hearing on Shortened Notice (Dkts. 71 and 72) **IS DENIED**;
- Plaintiff's Motion for Reconsideration and to Compel Immediate Discovery (Dkt. 75) **IS DENIED**;
- The Order Staying Discovery until July 24, 2009 (Dkt. 70) **IS AFFIRMED**;
- Plaintiff's Motion for an Extension of Time to Reply to Defendants' Various Motions (Dkt. 75) **IS RENOTED** to July 7, 2009;
- Defendant City of Olympia's Motion to Dismiss, (Dkt. 54), joined by Defendant Lott (Dkt. 56), **IS RENOTED** to July 10, 2009;

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of July, 2009.

Robert J Bryan
United States District Judge

ORDER
Page 5