UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR WEST,<br><br>              Plaintiff,<br><br>   v.<br><br>STEPHEN L. JOHNSON, U.S. EPA ADMINISTRATOR, U.S. SECRETARY OF COMMERCE, WASHINGTON STATE DEPARTMENT OF ECOLOGY, STATE OF WASHINGTON, PORT OF OLYMPIA, CITY OF OLYMPIA, WEYERHAEUSER, LOTT, FEDERAL RAILROAD ADMINISTRATION,<br><br>              Defendants. | CASE NO. C08-5741RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction. Dkt. 60. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

**A.**     **FACTS**

On December 12, 2008, Plaintiff, *pro se,* filed this suit asserting claims under several federal and state statutes. Dkt. 1. Plaintiff broadly asserts that some or all the Defendants have violated the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq*., the Coastal Zone Management Act ("CZMA"), 16 U.S.C. § 1451 *et seq*., and the National Environmental Policy Act ("NEPA"),

ORDER
Page 1

42 U.S.C. § 4321 *et seq*. *Id.* Plaintiff also alleges that the City of Olympia, the Port of Olympia, and the now dismissed Washington State Department of Transportation have withheld public records regarding the Intermodal Infrastructure Enhancement Project and East Bay Redevelopment area, citing Washington's Public Records Act, RCW 42.56 *et seq*. *Id.*

All Plaintiff's claims against the Washington State Department of Transportation and the Washington Environmental Hearings Office were dismissed on June 2, 2009. Dkt. 51.

On June 18, 2009, this Court granted the various Defendants' Motion to Stay Discovery Pending Ruling on the Motions to Dismiss. Dkt. 70. A short stay of discovery is appropriate until a decision can be made on the various Defendants' motions to dismiss, brought pursuant to Fed. R. Civ. P. 12 (b). *Id.* Discovery was stayed until July 24, 2009. *Id.*

The Federal Defendants' Motions to Dismiss (Dkt. 68), Defendants Washington State Department of Ecology and State of Washington's Motion to Dismiss (Dkt. 69), Defendant City of Olympia's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 54), joined by Defendant Lott (Dkt. 56) are now noted for consideration on July 24, 2009. Dkt. 91. The Defendant Port of Olympia's Motion to Dismiss is noted for July 27, 2009. Dkt. 78.

**B.     PENDING MOTION**

On June 9, 2009, Plaintiff filed a Motion for Preliminary Injunction which would impose "a six month moratorium upon the State of Washington to prevent the issue [sic] of further NPDES permits to the Port of Olympia until the Port has demonstrated at least a six month period of full compliance with the Clean Water Act in regard to its existing permits, or at the very least, compliance with its own agreement with OPA[sic]." Dkt. 60, at 8.

In Plaintiff's motion he alleges that "[w]hile this case has been pending, there have been multiple continuing violations by the Port involving the East Bay Redevelopment, the Intermodal Infrastructure Enhancement Project and the Cargo yard." Dkt. 68, at 2. Plaintiff asserts that one of these violations also "violated state water quality standards by discharging oil." *Id.* Plaintiff alleges that these violations are evidenced by "repeated minimal fines by the State of Washington." *Id.* Plaintiff further asserts that the Defendants are willfully attempting to

"deny disclosure of on going violations to Plaintiff." *Id.* Plaintiff points to Defendants' motion to stay discovery until their various motions to dismiss can be decided as evidence of their attempt to "deny disclosure of ongoing violations." *Id.* As a result of Defendants' actions, Plaintiff argues that the Court should apply traditional principles of equity to lessen the required balancing standard. *Id.,* at 3.

Washington State Department of Ecology ("Ecology") is the entity that issues the NPDES permits in Washington. RCW 90.48.260. Ecology files a Response arguing that Plaintiff has not met the standard required for issuance of a preliminary injunction. Dkt. 76. Ecology also argues that Plaintiff's claims against it are barred by the Eleventh Amendment as stated in its Motion to Dismiss. *Id.* The issues raised in the State's Motion to Dismiss are not yet ripe, and will not be discussed here.

The Port of Olympia also responds, and argues that Plaintiff does not meet the requirements for a preliminary injunction. Dkt. 77.

## II. DISCUSSION

### A. MOTION FOR PRELIMINARY INJUNCTION STANDARD

The U.S. Supreme Court recently held that, "[a] preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ____, 129 S.Ct. 365, 375 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.*, at 375.

The standard announced in *Winter* should be applied here. Plaintiff makes no showing that a different standard should be applied, nor does he address the standard set forth in *Winter*.

### B. LIKELY TO SUCCEED ON THE MERITS ?

Plaintiff argues that he is likely to succeed on the merits because "Defendants are chronic

violators of the Clean Water Act." Dkt. 60, at 6. Plaintiff argues that Defendants admitted to ongoing permit violations. *Id.*

Plaintiff has failed to show that he is likely to succeed on the merits. Plaintiff fails to provide any evidence from which the Court could make a finding that he is likely to succeed on one or more of his claims. Plaintiff's Motion for Preliminary Injunction was noted for consideration on July 6, 2009. Dkt. 60. On July 13, 2009, Plaintiff filed a pleading entitled "Appellant's Declaration Re: Ongoing (July 12) violations of the Clean Water Act and Discharge Through City Drains." Dkt. 88. Plaintiff does not specifically identify this pleading as having to do with his Motion for Preliminary Injunction, or whether this pleading is intended to address one of the several other motions that have been filed. Assuming that this pleading is intended to relate to this Motion for Preliminary Injunction, Plaintiff still fails to make the requisite showing. There are several photographs attached to this July 13, 2009, pleading, and Plaintiff asserts "[u]der the ancient doctrine of Res Ipsa Loquitur, these photographs speak for themselves, conclusively as to both ongoing Clean Water Act violations and the gross negligence or criminal culpability of those responsible." Dkt. 88, at 1. The pictures that Plaintiff attaches are not sufficient to show he is likely to succeed on the merits of his claims. The attached letter (Dkt. 84, at 2-3) purportedly from Ecology to the Port of Olympia, notifying the Port of an assessed fine for an "Unlawful Discharge of Polluting Matter into the Waters of the State," is insufficient to show that Plaintiff is likely to succeed on the merits of his claim. This letter, dated November 2008, also undercuts Plaintiff's insistence that immediate action is required.

### C. LIKELY TO SUFFER IRREPARABLE HARM ?

The "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter,* at 375.

Plaintiff argues that he is irreparably harmed because Defendants' discharges "are adversely impacting Plaintiff's recreational use of lower Budd inlet." Dkt. 60, at 6. Plaintiff argues that Defendants' "discharges of unknown quantities of oil and other toxic material . . .

create health risks." *Id.* Plaintiff states that as a fish consumer, he is "endangered and adversely affected" by the "Port's continuing illegal discharges." *Id.*

Plaintiff makes no showing that the failure to issue the relief sought here - a bar on further permits being issued to the Port - would likely result in "irreparable injury." Plaintiff argues that he is being injured under the current permitting system, but makes no showing that he would be further injured if additional permits were issued. Moreover, Plaintiff does not provide any evidence to support his assertions. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Services, Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988)(*internal citations omitted*).

### D. BALANCE OF EQUITIES TIPS IN HIS FAVOR AND INJUNCTION IS IN PUBLIC'S INTEREST ?

Plaintiff has made no showing that the balance of equities tips in his favor. Plaintiff has made no showing that issuing the proposed injunction is in the public's interest.

### E. CONCLUSION

Plaintiff's Motion for a Preliminary Injunction (Dkt. 60) should be denied. Plaintiff has failed to carry his burden.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

• Plaintiff's Motion for Preliminary Injunction (Dkt. 60) **IS DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of July, 2009.

Robert J. Bryan
United States District Judge

ORDER
Page 5

ORDER
Page 6